# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EARL DAWSON HUNTER,

    Petitioner,

v.

    Case No: 8:16-cv-2821-T-30TGW
    Crim. No: 8:10-cr-336-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Earl Hunter's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (CV Dkt. 1) filed on October 13, 2016. Upon review of the motion and Petitioner's response to the Court's order to show cause, the Court concludes that Petitioner's motion should be dismissed as time-barred.

## BACKGROUND

In 2010, Petitioner was found guilty at a jury trial of distributing five or more grams of base cocaine, in violation of § 841(b)(1)(C). (See CR Dkt. 121). The Court sentenced petitioner under the United States Sentencing Guidelines to 290 months' imprisonment. (Id.). Petitioner appealed, and the Eleventh Circuit remanded the case for the limited purpose of correcting a clerical error in the judgment; the court otherwise affirmed the judgment and sentence.

This judgment became final for purposes of Section 2255 motions on March 31, 2014, when the United States Supreme Court denied certiorari in Petitioner's appeal. (CR Dkt. 127). *See Washington v. United States*, 242 F.3d 1299, 1300 (11th Cir. 2001) ("The

courts that have addressed the question have uniformly held that the time period begins to run when the Supreme Court either denies certiorari or issues a decision on the merits."). Petitioner therefore had until March 31, 2015 within which to file a Section 2255 motion. *See* 28 U.S.C. § 2255(f).

Petitioner filed his motion on October 13, 2016, more than 18 months after the deadline. (CV Dkt. 1). In the motion, Petitioner raised three grounds for relief: (1) prosecutorial misconduct, (2) ineffective assistance of trial and appellate counsel, and (3) various constitutional violations. Observing that the motion appeared to be untimely, the Court did not address these claims or order the government to respond; instead, the Court ordered Petitioner to show cause why his motion should not be dismissed as time-barred. Petitioner filed a response. (CV Dkt. 3).

## DISCUSSION

Having carefully reviewed Petitioner's response, the Court concludes that the motion is nonetheless untimely and should be dismissed.

Petitioner appears to argue in his motion and response to the Court's order to show cause that his claims should be considered timely under § 2255(f)(2). (CV Dkts. 1, 3). Section 2255(f)(2) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, *if the movant was prevented from making a motion by such government action*.

(emphasis added). As support for the application of this provision, Petitioner supplies the Court with a claim for lost property that Petitioner submitted to the prison where he is

confined. That claim alleges that important legal documents relevant to Petitioner's motion—like trial and sentencing transcripts—were lost or misplaced by the prison. (CV Dkt. 1-1). This neglect on the part of the prison, Petitioner argues, impeded his ability to file his motion on time.

But the very evidence Petitioner uses to support this argument in fact belies it. Petitioner signed and dated his claim for lost property on March 24, 2016, and in the claim he identifies the date of loss as February 8, 2016. This date is almost a year *after* Petitioner's Section 2255 motion was due. Accepted as true, Petitioner's lost-property claim establishes that Petitioner's legal documents were indeed lost, but it also establishes that the loss did not prevent Petitioner from making a timely motion.

Section 2255(f)(2) does not provide Petitioner any relief from his untimeliness, and Petitioner has not supplied the Court with any other basis for tolling the one-year limitation period. Petitioner's motion is untimely and must be dismissed.

## CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Earl Hunter's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (CV Doc. 1) is DISMISSED as time-barred.

2. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt. 137 in the underlying criminal case, case number 8:10-cr-336-T-30TGW.

3. The Clerk is directed to terminate any pending motions and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 13th day of December, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record